UNITED STATES *v.* IRVING P. FAVOR (No. 3980)[1]

United States Court of Customs and Patent Appeals, February 23, 1937

*Joseph R. Jackson*, Assistant Attorney General (*Richard E. FitzGibbon* and *Marcus Higginbotham, Jr.*, special attorneys, of counsel), for the United States.
*Puckhafer & Rode* (*John D. Rode* of counsel) for appellee.

[1] T. D. 48854.

[Oral argument February 11, 1937, by Mr. FitzGibbon and Mr. Rode]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, First Division, awarding refund of a certain portion of the duties levied and collected upon an importation of pencils of wood filled with lead—in common parlance, lead pencils.

From a sample received in evidence as Exhibit 1 and from a stipulation of counsel for the respective parties, it appears that the pencils are stamped with the name of the foreign manufacturer, and also with the name, the trade-mark, and the number (the latter reading "Copying No. 503") of the domestic customer, and further that they are not stamped with any trade-mark of the manufacturer.

The collector classified the merchandise under the first clause of paragraph 1549 (a) of the Tariff Act of 1930 which reads:

PAR. 1549. (a) Pencils of paper, wood, or other material not metal, filled with lead or other material, pencils of lead  *  *  *  not specially provided for, 50 cents per gross and 30 per centum ad valorem  *  *  *.

The claim of appellee, sustained by the trial court, is that classification should be under the clause of paragraph 1549 (a), which reads:

*  *  *  pencils stamped with names other than the manufacturers' or the manufacturers' trade name or trade-mark, 50 cents per gross and 25 per centum ad valorem  *  *  *.

In addition to the exhibit and the stipulation of counsel the Government introduced the testimony of a witness by whom it was shown that the manufacturer's name is well known in the pencil trade and that it has a reputation in that trade "as a manufacturer of a very fine pencil."

It seems to be the position of Government counsel that, regardless of the fact that both the name of the manufacturer and the name of the customer (together with the customer's trade-mark) are stamped upon the pencils, it was not the intent of Congress that they should take the lower rate of duty provided in the clause under which importer claims.  In support of this position, it is contended that the language of the clause is ambiguous and requires construction, and that the proper construction is to treat the phrase "other than" appearing therein as meaning "except", or "not."  Under such interpretation the clause would be as if it read "Pencils stamped with names *not* the manufacturers' or pencils stamped with names *except* the manufacturers', etc."

We are unable to see where if the phrase "other than" be given the meaning so contended for it would follow that the pencils at issue would be excluded from classification under the clause.  They are

stamped with a name *not* the manufacturers' and also stamped with the name of the manufacturer. Had nothing been stamped upon them save the name of the domestic customer they still would be stamped with a name "other than", or "not", or "except", the name, trade name or trade-mark of the manufacturer, and so, even under the interpretation suggested by Government counsel, they are described in the clause under which the claim of the importer is made. So, the authorities cited in the brief on behalf of the Government are not applicable here.

It is argued that an anomaly results from classifying the merchandise as importer claims, since, had the pencils been imported without being stamped with any names, or had they been stamped only with the name or trade name or trade-mark of the manufacturer, they would take the higher rate of duty, whereas, under the claim of importer, merely placing the customer's name upon them renders them classifiable at the lower rate, and it is urged that an intent to do this can not reasonably be attributed to the Congress, especially in view of the fact that the Tariff Act of 1930 provided an increase in duty upon pencils falling within the first clause, *supra*, over that provided in the corresponding provision of the Tariff Act of 1922.

The language here at issue seems to have appeared for the first time in paragraph 1451 of the Tariff Act of 1922, and it is interesting to note that as that paragraph was worded pencils such as those at issue were assessable at 50 cents per gross and 25 per centum ad valorem (the same as that provided in the 1930 act), while those falling within the first clause of the paragraph (corresponding to the first clause of paragraph 1549 (a), *supra*, of the 1930 act) were assessable at only 45 cents per gross and 25 per centum ad valorem. So, it appears that in the 1930 act an increase of 5 cents per gross in the specific duty was provided as to the class of pencils falling within the first clause, while the duty upon those falling within the second clause remained the same.

Nothing is shown as to the administrative practice under the 1922 act, but it is not an unreasonable presumption that if pencils such as those at issue here were imported under that act they were assessed with the higher duty rate. We do not doubt that the Government would have insisted upon such classification and assessment and we think it could have done so successfully under a proper construction of the clause.

What reason prompted the Congress not to change the language of the clause or the rate of duty in the 1930 act is not of concern in this proceeding, and we indulge no speculation in regard to it. It is sufficient to say, *ita lex scripta est*.

The judgment of the United States Customs Court is *affirmed*.

HATFIELD and LENROOT, Judges, dissent.